IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01096-GPG

BRIAN DALE BARNETT,

    Plaintiff,

v.

CITY OF DENVER,
COUNTY OF DENVER, and
STATE OF COLORADO,

    Defendants.

## ORDER OF DISMISSAL

On May 26, 2015, Plaintiff Brian Dale Barnett initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  After Plaintiff provided a certified copy of his account statement for the six months preceding the filing of this action, on June 9, 2015, Magistrate Judge Gordon P. Gallagher granted Plaintiff leave to proceed pursuant to § 1915.

On the same day, Magistrate Judge Gallagher also directed Plaintiff to file an Amended Complaint that complies with Fed. R. Civ. P. 8, asserts personal participation by properly named defendants, and states what a defendant did to him, when he did it, how he was harmed, and what specific legal right the defendant violated.  Plaintiff further was instructed that a defendant is not liable for his or her subordinates' unconstitutional conduct based on a theory of respondeat superior.  He also was instructed that the State of Colorado is immune from suit under the Eleventh Amendment for money damages, but that Plaintiff may seek prospective relief against

individual state officers. Finally, Plaintiff was told that a municipality, such as the City and County of Denver, is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff, and that he may name John/Jane Doe as a party but must provide sufficient information about the individual for the purpose of service. Magistrate Judge Gallagher directed Plaintiff to amend the Complaint within thirty days; he warned Plaintiff that if he failed to comply with the June 9 Order the Complaint and action would be dismissed without further notice.

On June 15, 2015, the envelope sent to Plaintiff containing the order granting Plaintiff leave to proceed pursuant to § 1915 was returned to the Court and marked, "No Longer at This Address." Then on June 19, 2015, the envelope sent to Plaintiff containing the Order to Amend was returned and marked, "No Longer at This Address." Subsequently, on June 26, 2015, Plaintiff filed a Notice of a Change of Address indicating he no longer was incarcerated. On July 16, 2015, Magistrate Judge Gallagher entered an order that directed Plaintiff to amend his request to proceed *in forma pauperis* because his obligation to pay the filing fee now is to be determined like any nonprisoner.

The July 16 Order also directed the Clerk of the Court to resend the June 9 Order to Amend to Plaintiff at the new address he provided to the Court on June 26, 2015. Plaintiff was given thirty days to comply with the July 16 Order. He was warned that if he failed to comply within the time allowed the Complaint and action would be dismissed without further notice. The envelope containing the July 16 Order was returned to the Court on August 20, 2015, and marked, "Return to Sender Unable to Forward."

The local rules of this Court require a litigant to file a notice of new address within

five days of any address change. See D.C.COLO.LAttyR 5(c) (formerly D.C.COLO.LCivR 11.1(d), prior to the December 1, 2014 amendments).  Although *pro se* pleadings are construed liberally, *pro se* litigants are bound by the same rules of procedure that governs other litigants.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Plaintiff, therefore, is responsible for providing a proper address.  Because he failed to do so, he now has failed to amend the Complaint within the time allowed.  The Court will dismiss the Complaint and action for failure to comply with the Court's July 16, 2015 Order.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  25th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court